UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| STANLEY L. WILLIAMS, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 11-0987-CV-W-ODS-P |
| DANIEL J. PINGELTON, | ) |
| Defendant. | ) |

**ORDER DISMISSING CASE, WITH PREJUDICE,
FOR FAILURE TO STATE A CLAIM**

Plaintiff, who is incarcerated at the Western Missouri Correctional Center in Cameron, Missouri, has filed pro se this case pursuant to 42 U.S.C. § 1983, seeking relief for certain claimed violations of his federally protected rights. Plaintiff has been granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(A)(b)(1) &(2), the Court is required to screen prisoner cases and must dismiss a complaint if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) & (2).

The sole defendant named in plaintiff's complaint is Daniel J. Pingelton, a private attorney whose office is in Columbia, Missouri, and who plaintiff apparently retained to pursue a Mo. Sup. Ct. Rule 29.15 state post-conviction relief motion. Plaintiff appears to allege that Mr. Pingleton is guilty of breach of contract and breach of his fiduciary duties to plaintiff because he failed to fulfill his duties relating to the Rule 29.15 motion, and refused to return to plaintiff the $3,000.00 which plaintiff had paid defendant.

As a preliminary matter, federal courts are courts of limited jurisdiction. In order to bring a claim in federal court, a plaintiff must invoke the Court's jurisdiction based on some question of federal law, pursuant to 28 U.S.C. §1331, or must invoke the Court's jurisdiction based on diversity of citizenship, pursuant to 28 U.S.C. § 1332.

In this case, although plaintiff has filed his complaint using court-approved Section 1983 forms, and purports to invoke the Court's "federal question" jurisdiction based on that federal law, the body of the complaint does not appear to allege the violation of any federally protected right by defendant Pingleton. Rather, plaintiff complains that defendant is guilty of breach of contract and breach of fiduciary duty while representing plaintiff in state court. These are <u>state</u> law claims, not questions of <u>federal</u> law. Consequently, the Court is without jurisdiction to entertain these claims pursuant to its Section 1331 "federal question" jurisdiction. Nor does the Court finds a basis for jurisdiction based on diversity of citizenship pursuant to Section 1332. Both plaintiff and defendant appear to be residents of the same state - Missouri. Therefore, plaintiff's contract and fiduciary claims against defendant Pingleton will be dismissed, without prejudice to re-filing in state court, which is the proper forum to address those claims.

To the extent plaintiff may be attempting to allege that defendant Pingleton has violated his constitutional rights, he has failed to establish that defendant acted under color of state law. In order for this Court to have jurisdiction to grant relief under 42 U.S.C. § 1983, it is essential that the acts of the defendant be under color of state law. Lack of jurisdiction cannot be waived by the parties or ignored by the Court. The Court must decline to proceed if jurisdiction is lacking. <u>Roberson v. Harris</u>, 393 F.2d 123 (8th Cir. 1968).

"The conduct of counsel, either retained or appointed, in representing clients, does not

constitute action under color of state law for purposes of a section 1983 violation." Bilal v. Kaplan, 904 F.2d 14, 15 (8th Cir. 1990). See also Dunn v. Hackworth, 628 F.2d 1111 (8th Cir. 1980) (per curiam). Because the essential jurisdictional requirement of acting under color of state law is absent as to plaintiff's claims against defendant Pingleton, any Section 1983 claims against him will be dismissed, with prejudice..

## Summary

Because all of plaintiff's claims will be dismissed, as set forth herein, this case will be dismissed, with prejudice, for failure to state a claim. Plaintiff is cautioned that this dismissal will count against him for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g)(1996).[1]

In addition to the $350.00 filing fee, federal law now "'makes prisoners responsible for [appellate filing fees of $455.00] the moment the prisoner . . . files an appeal.'" Henderson v. Norris, 129 F.3d 481, 483 (8th Cir. 1997) (citation omitted). Pursuant to Henderson, plaintiff is notified as follows:

> (a) the filing of a notice of appeal by the prisoner makes the prisoner liable for payment of the full [$455] appellate filing fees regardless of the outcome of the appeal; (b) by filing a notice of appeal the prisoner consents to the deduction of the initial partial filing fee and the remaining installments from the prisoner's prison account by prison officials; (c) the prisoner must submit to the clerk of the district court a certified copy of the prisoner's prison account for the last six months within 30 days of filing the notice of appeal; and (d)

---

[1] The provisions of 28 U.S.C. § 1915, the "in forma pauperis" statute, have changed substantially. Under the new law, a prisoner cannot bring a new civil action or appeal a judgment in a civil action in forma pauperis if he or she has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. The only exception to this is if the prisoner is in "imminent danger of serious physical injury." A prisoner who is not proceeding in forma pauperis may file a new civil action or appeal even if that prisoner has three or more dismissals as described in Section 1915(g).

-3-

> failure to file the prison account information will result in the assessment of an initial appellate partial fee of $35 or such other amount that is reasonable, based on whatever information the court has about the prisoner's finances.

Id. at 484.

Accordingly, it is **ORDERED** that:

(1) plaintiff's contract and fiduciary claims against defendant Pingelton are severed and dismissed, without prejudice to re-filing in state court;

(2) plaintiff's civil rights claims against defendant Pingleton pursuant to 42 U.S.C. § 1983 are severed and dismissed, with prejudice, for lack of jurisdiction; and

(3) this case is dismissed, with prejudice, pursuant to 28 U.S.C. § 1915A(b)(1) & (2), for failure to state a claim.

      /s/ Ortrie D. Smith
      ORTRIE D. SMITH
      UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: November 4, 2011